IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLAGSTAR BANK, FSB,

      Plaintiff,                                No. CIV 2:12-cv-1897-KJM-AC (PS)

   vs.

MATTHEW PETERSON, *et al.*,

      Defendants.                         FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff Flagstar Bank, FSB commenced an unlawful detainer action in Sacramento County Superior Court on July 2, 2012 concerning real property located in Citrus Heights, CA 95810. Notice of Removal ("NOR"), Attach. Defendants removed this action on July 19, 2012, purportedly on the basis of federal question jurisdiction. Pending before the court is plaintiff's September 21, 2012 motion to remand. Defendants have not filed an opposition.

        When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt

1

as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The propriety of removal requires the consideration of whether the district court has original jurisdiction of the action; i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the original jurisdiction of the district court, removal is improper. The absence of subject matter jurisdiction is not waivable by the parties. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).

With their Notice of Removal, defendants provide a copy of the complaint filed in Sacramento County Superior Court. The complaint contains a single claim for unlawful detainer. In defendants' removal notice, they assert that this court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case involves violations of federal law, including the Fair Debt Collection Practices Act, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* See NOR at 2. Plaintiff's complaint for unlawful detainer, however, does not state claims under any federal law. Rather, defendants appear to assert these federal statutes are at issue by virtue of defendants' defense to the action.

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. Thus, this

action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist. Furthermore, absent original jurisdiction, the court may not exercise supplemental jurisdiction over any remaining state law claims.  <u>See</u> 28 U.S.C. § 1367.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand be granted; and

2. This action be remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, defendant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Defendant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: December 3, 2012.

\_\_\_/s/_____
ALLISON CLAIRE
UNITED STATE MAGISTRATE JUDGE

/mb;flag1897.remand